UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**June White**

    v.        Case No. 21-cv-631-PB
               Opinion No. 2022 DNH 146

**Zeev Chack d/b/a Green Biotics, Nature Elements, Tresor Rare, GS Cosmetics, and Zi Beauty, Inc.**

## ORDER

June White has sued Zeev Chack, claiming that he does business as Green Biotics, Nature Elements, GS Cosmetics, Tresor Rare, and Zi Beauty, Inc. She asserts state law claims for fraud, breach of contract, and negligence. She has also moved to amend her complaint to add a federal law claim based on the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. All of White's claims stem from a purchase of cosmetics White made at a Green Biotics store on August 5, 2018 while she was on a visit to Sedona, Arizona. Chack opposes White's motion to amend and he has filed a motion to dismiss for lack of personal jurisdiction.

As a preliminary matter, I agree with Chack that White's motion to amend must be denied as futile because the Federal Food, Drug and Cosmetic Act does not give rise to a private right of action. See 21 U.S.C. § 337(a) (restricting enforcement to actions brought by the United States).

White's remaining claims sound in state law and thus they depend upon the court's diversity of citizenship jurisdiction. To establish personal jurisdiction in a diversity of citizenship case filed in a New Hampshire court against an out-of-state-defendant, a plaintiff must demonstrate that the defendant has sufficient contacts with the forum state to satisfy the requirements of the Fourteenth Amendment's Due Process Clause. White does not argue that the court has general jurisdiction over Chack. Accordingly, she must demonstrate that the court has specific personal jurisdiction to avoid dismissal. To establish personal jurisdiction in a case like this one, a plaintiff must demonstrate that:

> (1) [its] claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable.

Vapotherm, Inc. v. Santiago, 38 F.4th 252, 258 (1st Cir. 2022) (quoting Scottsdale Cap. Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018)).

White has not alleged any facts that would support a finding either that her claims are related to Chack's activities in New Hampshire or that Chack purposefully availed himself of the privilege of conducting activities in

3

New Hampshire. Accordingly, I agree with Chack that the court lacks personal jurisdiction.

White's Motion to Amend (Doc. 16) is denied and Chack's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 12) is granted. Chack's Motion to Dismiss for Failure to State a Claim (Doc. 13) is denied as moot in light of my conclusion. White's claims against Chack are dismissed without prejudice. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

November 29, 2022

cc:   June White, pro se
      Debbie L. Makris, Esq.